[Civ. No. 9579. Fourth Dist., Div. One. Jan. 14, 1970.]

ELEANOR I. HORRELL, Plaintiff, Cross-defendant and Respondent, v. LAKEWOOD MARINA, INC., Defendant, Cross-complainant and Appellant.

COUNSEL

Marcum & Salmon and Samuel Salmon for Defendant, Cross-complainant and Appellant.

James E. Mack for Plaintiff, Cross-defendant and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Lakewood Marina, Inc., appeals a judgment requiring it to return $5,000 of $11,000 paid to Lakewood by Eleanor Horrell toward the purchase of a $60,000 boat after Mrs. Horrell refused to complete the purchase.

On March 29, 1966, Mrs. Horrell contracted in writing to buy the boat from Lakewood and made a $6,000 cash deposit as required by the contract. The boat was built on the east coast and delivered to Lakewood. When Lakewood received the boat it demanded, and was paid, an additional $5,000 as part of the purchase price. No provision concerning this payment appears in the contract.

On October 30, 1966, Mrs. Horrell refused to pay the $49,000 balance of the purchase price. Mrs. Horrell, claiming Lakewood breached the contract, brought this action to recover the $11,000 she had paid. Lakewood cross-complained for damages, claiming Mrs. Horrell breached the contract.

Lakewood sold the boat to another person for less than the $60,000 contract price.

Paragraph 3 of the purchase order contract provides in part: "Upon the failure or refusal of the Purchaser to complete said purchase within ten days after notification, for any reason other than cancellation on account of increase in price, the cash deposit may be retained as liquidated damages, . . ."

The trial court found Mrs. Horrell breached the purchase contract but Lakewood was limited, under paragraph three, to retaining her $6,000 cash deposit.

On appeal, Lakewood contends the liquidated damages provision of paragraph three is made unenforceable by Civil Code section 1670 which provides: "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

Lakewood argues the case does not fall within the exceptions to section 1670 contained in section 1671 which are: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

This case is somewhat unusual as it is the party to whom the liquidated damages are to be paid who seeks to avoid the effect of the contractual provision. As to Lakewood the clause operates to limit damages rather than to impose a forfeiture.

We need not determine whether the liquidated damages provision is void under Civil Code section 1670 or whether this case falls within the exceptions of Civil Code section 1671. Lakewood not only prepared the contract containing the provision it now seeks to avoid, it asked the court to award it liquidated damages under the disputed clause at the trial. Lakewood's position was the contract was orally modified by the parties to include the additional $5,000 payment as part of the cash deposit thus raising the amount subject to the liquidated damages provision to $11,000. Lakewood argued paragraph three of the contract was valid and enforceable but only if the court found it was modified to include the greater amount.

We find nothing in the asserted modification which affects the validity of the liquidated damages clause. ■ By urging recovery of liquidated damages at the trial, any error by the court in enforcing that provision was invited by Lakewood and may not be asserted by it on appeal. Substantial evidence supports the court's conclusion the contract was not modified to add the $5,000 payment to the amount of the cash deposit.

██ Mrs. Horrell's contention Lakewood should be limited to retaining $500 of the cash deposit under Commercial Code section 2718 is not properly before this court as she did not file an appeal.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied January 29, 1970.